UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
AFFILIATED WITH INTERNATIONAL UNION
OF ALLIED PAINTERS AND ALLIED TRADES,
AFL-CIO, and TRUSTEES OF THE DRYWALL
TAPERS AND POINTERS LOCAL UNION NO.
1974 BENEFIT FUNDS,

       Petitioners,

       v.

NATIONAL DRYWALL INC. a/k/a
NATIONAL DRYWALL INTERIOR'S INC.,

       Defendant.

24-CV-3690 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  Petitioners, Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO, (the "Union"), and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (the "Funds") filed a petition to confirm an arbitration award entered against Respondent National Drywall Inc. (the "Petition"). *See* ECF. No. 1. Respondent did not file an opposition to the Petition. For the reasons set forth below, the Petition is granted, along with the application for attorney's fees and costs.

## BACKGROUND

  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, et seq., which represents employees in an industry affecting commerce, *see* 29 U.S.C. § 142, et seq.; 29 U.S.C. § 1002(4). Respondent and the Union entered into a collective bargaining agreement ("CBA"), which provides for the submission of disputes to final decisions of the Joint Trade Board ("JTB"). *See* Kugielska Decl., Ex. B.

On November 3, 2023, the Union filed a demand for arbitration, grievance, and complaint with the JTB (the "Demand") and served the Demand on Respondent. *See id.*, Exs. A & C. The Demand alleged that Respondent failed to submit remittance reports, in violation of Article XIII, Section 6, Violation 8 of the CBA. *See id.*, Ex. C.

The JTB held a hearing on December 5, 2023 and issued a decision on December 29, 2023 (the "JTB Award"). *Id.*, Ex. A. As relevant here, the JTB Award (1) found that Respondent violated the CBA by failing to submit remittance reports, and (2) directed Respondent to pay a $3,500 fine. *Id.* Following Respondent's failure to comply with the terms of the JTB Award, the Union served a demand letter on Respondent on January 16, 2024. *See id.*, Ex. E. Petitioners allege that Respondent has refused to comply with the JTB Award to date. *See* Pet. ¶ 14.

Petitioners thus filed the Petition, which seeks an order confirming the JTB Award and granting judgment in the amount of $3,500, attorney's fees, costs, and any further relief as the Court deems just and proper. *See* Pet. at 4; Kugielska Aff. Respondent was given until June 28, 2024 to file its opposition, *see* ECF No. 7, but did not do so.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted into judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).[1] Confirming an arbitration award is generally no more than "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected."). Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is a barely colorable

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

2

justification for the outcome reached." *Leeward Constr. Co. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement," *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001), as a petition for confirmation of an arbitration award does not serve as an opportunity to re-litigate issues resolved by the arbitrator, *see Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960). Instead, "[t]he court's task is simply to ensure that the arbitrator was even arguably construing or applying the contract and acting within the scope of his authority." *Trustees for Mason Tenders Dist. Council of Greater Welfare Fund, Pension Fund, Annuity Fund & Training Program v. Koko Contracting, Inc.*, No. 22-CV-4136 (VEC), 2022 WL 3328053, at *1 (S.D.N.Y. July 28, 2022). There is, moreover, "no general requirement that arbitrators explain the reasons for their award." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109–10. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has "cho[sen] the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

### I. Confirmation of the Arbitration Award

The Court finds that summary judgment is appropriate here because Petitioners have

demonstrated that there is no material issue of fact in dispute.

As an initial matter, Respondent has not challenged any of the material facts upon which the Petition is based. The CBA provides that "decisions and findings of the Joint Board, including any imposition of penalties, shall be final and binding upon the signatory contractors and the Union, all members of each thereof and all interested parties." Kugielska Decl., Ex. B, Art. XIV.

The JTB "deliberated," and found Respondent "guilty with failure to submit remittance reports," in violation of the CBA. *Id.*, Ex. A. *See D.H. Blair & Co.*, 462 F.3d at 110 (noting that an "[a]rbitrator's rationale for an award need not be explained"). As a result, it directed Respondent to "submit a fine in the amount of $3,500." Kugielska Decl., Ex. A.

The Court has no basis to infer that the JTB acted outside the scope of its authority in issuing the award. Accordingly, the undisputed evidence demonstrates that "no material issue of fact remains for trial," and Petitioners therefore met their burden of establishing that the award should be confirmed. *D.H. Blair & Co., Inc.*, 462 F.3d at 110.

## II. Attorney's Fees and Costs

Petitioners additionally seek attorney's fees and costs incurred in bringing the Petition. *See* Pet., Ex. A at 5–6; Kugielska Aff. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority," and the FAA does not provide for attorney's fees in actions to confirm arbitration awards. *Trs. of N.Y.C. Dist. Council of Carpenters Pension v. Mountaintop Cabinet Mfr. Corp.*, No. 11-cv-8075 (JMF), 2012 WL 3756279, at *5 (S.D.N.Y. Aug. 29, 2012) (collecting cases). However, "[u]nder its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisenmann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of a petition to confirm an arbitration award, an award of attorney's fees is permissible where "the party challenging the

4

award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Enrol. Union, Local 228*, 118 F.3d 893, 898 (2d Cir. 2007); *see also, e.g.*, *Ceona PTE Ltd. v. Bmt Giant, S.A. De C.V.*, No. 16-cv-4437 (WHP), 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) (awarding attorney's fees and costs to petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the Final Award, and ha[d] not responded to [the] petition in this action"); *Herrenknecht Corp. v. Best Road Boring*, No. 6-cv-5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorney's fees and costs to petitioner in unopposed petition to confirm arbitration award, where the respondent "offered no justification for refusing to comply with the decision of the arbitrator").

Here, Respondent has not complied with the JTB Award, nor has it offered any justification for its failure to do so. Accordingly, Petitioners are entitled to reasonable attorney's fees and costs in bringing this action to confirm the award. *See First Nat'l Supermarkets*, 118 F.3d at 898; *Ceona PTE*, 2016 WL 6094126, at *3.

Counsel for Petitioners submitted time records reflecting all time spent and activities performed in litigating this matter. *See* Kugielska Aff. ¶¶ 5–7. In total, counsel billed $2,880.00, reflecting 9.60 hours of labor. *See id*. More specifically, counsel billed the time of Lauren Kugielska, who was admitted to this Court in 2014, at a rate of $300.00 per hour. *See id.* ¶ 5. The tasks Ms. Kugielska performed included researching Respondent employer with the New York State Department of State in preparation for filing (0.3 hours), reviewing client statements (0.6 hours), and preparing and electronically filing the Petition, Civil Cover Sheet, and Proposed Summons with this Court (3.0 hours). *See id.* ¶ 7. Counsel further provided an invoice of costs incurred in the filing of the Petition, which totaled $523.00. *See id.* ¶ 4. Those costs consisted of a $400.00 filing fee paid to the Clerk of Court, and a $123.00 statutory fee paid to the New York Secretary of State in connection with service upon Respondent. *See id.*; *id.*, Ex. A.

Courts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards. *See Trs. of N.Y.C. Dis. Council of Carpenters Pension Fund v. DV I, LLC*, No. 17-cv-7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp.*, No. 17-cv-4667 (KPF), 2017 WL 5157246, at *5 (S.D.N.Y. Nov. 7, 2017). This Court has examined the hours submitted by Petitioners' counsel and determines that the hours billed are reasonable, as the invoice is "thorough, detailed, relevant, and easy to understand, with no evident duplication of effort." *Trs. of N.Y.C. Dis. Council of Carpenters Pension Fund v. Metroplex Serv. Grp., Inc.*, No. 18-cv-5589 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018).

Accordingly, the Court grants Petitioners' counsel attorney's fees in the amount of $2,880.00, and costs in the amount of $523.00 arising out of the Petition's filing.

## CONCLUSION

For the foregoing reasons, the Petition is granted. The Clerk of Court is directed to enter judgment in the amount of $3,500.00. Petitioners are also granted $2,880.00 in attorney's fees and $523.00 in costs arising out of filing the Petition. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:    November 4, 2024
          New York, New York

_____
Ronnie Abrams
United States District Judge

6